IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEVEN YAHNKE, ) | |
| ) | No. 12 CV 5151 |
| Plaintiff, ) | |
| ) | Judge Amy St. Eve |
| v. ) | |
| ) | Magistrate Judge Arlander Keys |
| COUNTY OF KANE, KANE COUNTY ) | |
| SHERIFF, PATRICK PEREZ, in ) | |
| his official and individual ) | |
| capacities, ) | |
| ) | |
| Defendants. ) | |

To: The Honorable Amy St. Eve
    United States District Judge

## REPORT AND RECOMMENDATION

Before the Court is plaintiff's motion for sanctions and to compel [Docket #67]. For the reasons explained more fully below, the Court recommends that the District Court grant the motion and order the defendants to reimburse Mr. Yahnke for the attorney's fees, costs and expenses he incurred in bringing the motion, including the supplemental filings.

## STATEMENT

Patrick Perez ran for Sheriff of Kane County in 2006 and won. Steven Yahnke, who worked in the Sheriff's Office at the time and had apparently considered running for the job himself, supported Mr. Perez' opponent in the election. About six months after the election, on June 28, 2007, Mr. Yahnke was injured on

the job.  He claims that, after his injury, he was subjected to a number of fictitious complaints and investigations relating to his "secondary employment" and other administrative matters related to his injury and "comp time."  *See* Complaint, ¶¶10-22. On October 28, 2008, Sheriff Perez and Kane County fired Yahnke from the Sheriff's Office.  Mr. Yahnke sued, alleging that the firing was politically motivated and retaliatory, that it violated his due process rights, and that it amounted to a "Patronage dismissal" in violation of the First Amendment.

On December 9, 2013, Mr. Yahnke filed a motion to compel and for sanctions [Docket #67], arguing that the defendants had failed to comply with an earlier court order requiring them to turn over certain information.  The district judge referred the motion to this Court.  After briefing and oral arguments, the Court granted the motion to compel, but held the motion for sanctions in abeyance [*See* Docket #76].  The parties then filed some additional briefs concerning the sanctions issue, and the matter is now ripe for resolution.

Federal Rule of Civil Procedure 37 provides for the imposition of sanctions for failing to disclose, answer or respond to discovery requests, or for failing to supplement an incomplete or incorrect response. "Courts have the power to impose discovery sanctions either pursuant to Fed. R. Civ. P.

2

37(b)(2), which requires the violation of a court order, or under its own 'inherent power to impose sanctions for the abuse of the judicial system, including the failure to preserve or produce documents.'" *Daniels v. Spencer Gifts, LLC*, No. 10 C 5345, 2012 WL 488099, at *6 (N.D. Ill. Feb. 14, 2012)(quoting *Northington v. H & M Int'l*, No. 08 C 6297, 2011 WL 663055, at * 12 (N.D. Ill. Jan. 12, 2011); and citing *Barnhill v. United States*, 11 F.3d 1360, 1367 (7th Cir. 1993)). "The analysis is the same under either standard." *Id.* (citing *Danis v. USN Communications, Inc.*, No. 98 C 7482, 2000 WL 1694325, at *30 (N.D. Ill. Oct. 20, 2000)).

In his initial motion, Mr. Yahnke sought sanctions for the defendants' failure to comply with the district judge's August 27, 2013 order, their failure to release certain documents they had inappropriately designated as privileged and their failure to disclose witnesses; he also sought sanctions for the defendants' sketchy tactics in scheduling and then cancelling a significant number of depositions. With respect to the depositions, counsel for Mr. Yahnke represented that the defendants noticed 26 depositions shortly before Thanksgiving – all scheduled to go over the holidays; that, despite the scheduling difficulties, plaintiff's counsel was able to accommodate and coordinate 11 depositions during that period;

and that, three days before the depositions, the defendants cancelled them all – effectively forcing plaintiff's counsel to scrub his December caseload for no reason. *See* Transcript of Proceedings, January 10, 2014, pp. 12-14 [Docket #81]. Defense counsel conceded that "[t]here has been, I would say, some miscommunication, to put it best, with respect to scheduling depositions." *Id.*, p. 18.

After allowing both sides an opportunity to address these issues, at the hearing on January 10, 2014, the Court advised defense counsel that it agreed with plaintiff's counsel that the defendants' claims of privilege were unfounded in many cases. At that time, the Court ordered that, to the extent documents ordered to be produced had not yet been produced, they were to be turned over; additionally, documents submitted *in camera* were to be turned over, all within 10 days. *Id.*, pp. 28-29, 30. According to the plaintiff, that did not happen. And, on February 14, 2014, Mr. Yahnke filed a supplemental memorandum in support of his motion for sanctions.

In his supplemental memorandum in support of his motion for sanctions, Mr. Yahnke argues that the defendants have repeatedly failed to comply with discovery requests and have conducted discovery in bad faith. He argues that, as a sanction for the defendants' conduct, the Court should enter a default judgment.

4

Although that is a particularly harsh sanction, the Court is troubled by the defendants' conduct and agrees that some sanction -- less severe -- is appropriate.

Indeed, as the exhibits attached to Mr. Yahnke's motion make clear, months after being ordered to turn over certain discovery, the defendants were still taking the position that the discovery was not relevant and burdensome to produce. *See, e.g.,* 12/6/13 email from Paul Krentz to Cynthia Rote explaining that the Sheriff's office was standing on its objection, which was overruled in Judge St. Eve's 8/27/13 Memorandum Opinion and Order)(attached as Exhibit O to Plaintiff's Memorandum in Support of Motion to Compel and for Sanctions)[Docket #68-16]. Additionally, defendants' response to the supplemental memorandum for sanctions reflects the defendants' unwillingness to turn over materials they have been ordered to turn over. The brief mentions, more than once, that the court has overruled objections. Yet the brief also contains comments suggesting that the defendants persist in second guessing those rulings. For example, although the defendants clearly believe discovery relating to employees working light duty is irrelevant, they were ordered to produce it. In explaining why that production was cumbersome, the defendants represent that "there has never been a claim Plaintiff was uncooperative because he either

refused to work light duty or somehow did a bad job performing some light duty task. Defendant produced all of the time cards last year. Any delay in receiving time cards indicating which employees were injured could not possibly affect either of the Plaintiff's claims." Response Brief, p. 2.

Similarly, with respect to the issue of "secondary employment," the defendants represent that they've produced the discovery and that "[w]hat difference it makes in this case that some other officer was allowed to work, for example, as a part-time forest preserve policeman or was not allowed to work at a convenience store which sells liquor, remains to be seen." *Id.*, p. 3. And, with respect to plaintiff's complaint that the defendants have been less than forthcoming with emails, the defendants state "[t]here are no emails, or for that matter, any document of any kind which supports the Plaintiff's claims." *Id.*, p. 5. Such editorializing adds credence to the plaintiff's argument that the defendants are "thumbing their nose" at the Court's orders. Discovery is not the time to spin the facts; all evidence that is relevant, or likely to lead to the discovery of admissible evidence is fair game. The defendants do not get to pick and choose what they will turn over based upon their assessment of what does or does not help the plaintiff's case.

A review of the defendants' conduct in discovery suggests that they are simply unwilling to provide discovery or fully respond to discovery requests unless and until they are compelled to do so – and, even then, their disclosure has been reluctant and miserly.  The defendants have also withheld discovery under the guise of privilege in cases where no reasonable privilege argument could be made. And they have made unilateral decisions about production based upon what is, and what is not, in their view, relevant or helpful to the plaintiff's claims.  Under the circumstances, the Court agrees that some sanction is appropriate.  Given that discovery is still open (Judge St. Eve has granted a final extension to May 9, 2014) and that Mr. Yahnke now presumably has what he needs to conduct the necessary discovery in this case, the Court does not recommend the harsh sanction urged by the plaintiff.  But the Court does recommend that the defendants be ordered to reimburse Mr. Yahnke for the attorney's fees and costs he incurred in bringing the motion for sanctions and to compel, including the costs and expenses incurred in connection with the supplemental filings.

## **CONCLUSION**

For the reasons set forth above, the Court recommends that the District Court grant plaintiff's motion for sanctions and to

compel [Docket #67] and order the defendants to reimburse Mr. Yahnke for the attorney's fees, costs and expenses he incurred in bringing the motion, including the supplemental filings.

Date: April 4, 2014

                              RESPECTFULLY SUBMITTED:

                              MAGISTRATE JUDGE ARLANDER KEYS
                              UNITED STATES DISTRICT COURT

    **Counsels have 14 days from the date of service to file objections to this Report and Recommendation with the Honorable Amy St. Eve. *See* Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1). Failure to object constitutes a waiver of the right to appeal. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004).