IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEVEN YAHNKE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 12 C 5151 |
| v. | ) |
| | ) Judge Amy J. St. Eve |
| COUNTY OF KANE, KANE COUNTY | ) |
| SHERIFF, PATRICK PEREZ, in his official | ) |
| and individual capacities, | ) |
| | ) |
| Defendants. | ) |

## ORDER

The Court adopts Magistrate Judge Keys' April 4, 2014 Report and Recommendation in its entirety [99] and grants Plaintiff's motion for sanctions [67].

## STATEMENT

Before the Court is Magistrate Judge Keys' Report and Recommendation addressing Plaintiff's December 9, 2013 motion for sanctions and to compel. On January 10, 2014, Magistrate Judge Keys granted Plaintiff's motion to compel, but held Plaintiff's motion for sanctions in abeyance. On April 4, 2014, Judge Keys recommended that the Court grant Plaintiff's motion for sanctions. On April 14, 2014, Defendants objected to Judge Keys' Report and Recommendation as provided by Federal Rule of Civil Procedure 72(b)(2) and 28 U.S.C. § 636(b)(1)(C). On April 25, 2014, Plaintiff responded to Defendants' objections. For the following reasons, the Court adopts Judge Keys' Report and Recommendation in its entirety.

## STANDARD OF REVIEW

"When a magistrate judge prepares a report and recommendation for a district court, the governing statute provides that the district court 'shall make a de novo determination' with respect to any contested matter." *Kanter v. C.I.R,* 590 F.3d 410, 416 (7th Cir. 2009) (citing 28 U.S.C. § 636(b)(1)(C)). As the Seventh Circuit explains:

> De novo review requires the district judge to decide the case based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion. The district judge is free, and encouraged, to consider all of the available information about the case when making this independent decision. A district judge may be persuaded by the reasoning of a magistrate judge or a special master while still engaging in an independent decision-making process.

*Mendez v. Republic Bank,* 725 F.3d 651, 661 (7th Cir. 2013). "The magistrate judge's recommendation on a dispositive matter is not a final order, and the district judge makes the ultimate decision to adopt, reject, or modify it." *Schur v. L.A. Weight Loss Ctrs., Inc.,* 577 F.3d 752, 760 (7th Cir. 2009); *see also* Rule 72(b)(3).

## FACTUAL BACKGROUND

On June 27, 2012, Plaintiff Steven Yahnke filed a three-count Complaint against Defendants Kane County and Kane County Sheriff Patrick Perez alleging a First Amendment political affiliation claim (Count I) and a Fourteenth Amendment due process claim (Count II). In the alternative, Plaintiff brings a retaliatory discharge claim under Illinois law (Count III).

According to the allegations in the Complaint, in 2006, Perez ran for Sheriff of Kane County and won. At one point, Yahnke, who worked in the Sheriff's Office, had considered running for Sheriff himself, but ultimately supported Perez's opponent in the 2006 election. On June 28, 2007, just over six months after Perez's election, Yahnke was injured on the job. Yahnke alleges that after he was injured "a multitude of fictitious complaints and investigations arose into Yahnke's job, including, but not limited to: his previously approved secondary employment, his alleged failure to submit a travel request when off work due to his work injury, his comp time, and his light duty work which had previously been granted through the chain of command." On October 28, 2008, Perez terminated Yahnke's employment resulting in the present lawsuit.

## PROCEDURAL BACKGROUND

On August 27, 2013, the Court entered a comprehensive Memorandum, Opinion, and Order granting in large part Plaintiff's motion to compel. Plaintiff filed the present motion to compel on December 9, 2013 in relation to certain areas discussed in the Court's August 27 Order. On January 10, 2014, Magistrate Judge Keys granted Plaintiff's motion to compel, but held Plaintiff's motion for sanctions in abeyance. Also on January 10, 2014, Judge Keys held an evidentiary hearing on Plaintiff's motion for sanctions. On April 4, 2014, Magistrate Judge Keys filed his Report and Recommendation recommending that the Court grant Plaintiff's motion for sanctions.

## LEGAL STANDARD

The federal discovery rules are liberal in order to assist in the preparation for trial and settlement of litigated disputes. *See Bond v. Utreras,* 585 F.3d 1061, 1075 (7th Cir. 2009). Accordingly, "[c]ourts commonly look unfavorably upon significant restrictions placed upon the discovery process." *Sauer v. Exelon Generation Co., LLC,* 280 F.R.D. 404, 407 (N.D. Ill. 2012) (citation omitted). "Federal Rule of Civil Procedure 37(b)(2)(A) grants the district courts the power to impose appropriate sanctions for violations of discovery orders." *e360 Insight, Inc. v. Spamhaus Project,* 658 F.3d 637, 642 (7th Cir. 2011); *see also Malik v. Falcon Holdings, LLC,* 675 F.3d 646, 649 (7th Cir. 2012) (Rule 37 "gives the judge discretion to match a remedy to the

wrong."). Also, "[t]he federal courts have the inherent power to impose a wide range of sanctions upon parties for abusive litigation," but this inherent power "is limited to 'cases in which a litigant has engaged in bad-faith conduct or willful disobedience of a courts orders.'" *Grochocinski v. Mayer Brown Rowe & Maw, LLP,* 719 F.3d 785, 799 (7th Cir. 2013) (citation omitted).

## ANALYSIS

In Plaintiff's December 9, 2013 motion, he sought sanctions for the Defendants' failure (1) to comply with this Court's August 27, 2013 discovery order, (2) to release certain documents they had inappropriately designated as privileged, and (3) to disclose witnesses. Plaintiff also sought sanctions for Defendants' tactics in scheduling and then cancelling a significant number of depositions. In particular, Yahnke's counsel informed Judge Keys that Defendants had noticed 26 depositions for December 2013, and that despite the scheduling difficulties, Plaintiff's counsel scheduled 11 of the depositions. Thereafter Defendants' counsel cancelled all 11 depositions.

After hearing testimony and reviewing exhibits, Judge Keys found that Defendants wrongfully took the position that certain discovery was not relevant and too burdensome to produce, especially in light of the Court's August 27 Order granting Plaintiff's motion to compel these documents. After highlighting Defendants' flawed arguments, Judge Keys reasoned: "Discovery is not the time to spin the facts; all evidence that is relevant, or likely to lead to the discovery of admissible evidence is fair game. The defendants do not get to pick and choose what they will turn over based upon their assessment of what does or does not help the plaintiff's case." (R. 99, 4/04/14 R&R, at 6.)

In granting Plaintiff's request for sanctions, Judge Keys further discusses Defendants' conduct in this matter:

> A review of the defendants' conduct in discovery suggests that they are simply unwilling to provide discovery or fully respond to discovery requests unless and until they are compelled to do so – and, even then, their disclosure has been reluctant and miserly. The defendants have also withheld discovery under the guise of privilege in cases where no reasonable privilege argument could be made. And they have made unilateral decisions about production based upon what is, and what is not, in their view, relevant or helpful to the plaintiff's claims. Under the circumstances, the Court agrees that some sanction is appropriate.

(*Id.* at 7.) Accordingly, Judge Keys recommended that Defendants be ordered to pay Plaintiff's counsel attorney's fees and costs incurred in bringing the present motion — as opposed to Plaintiff's request for a default judgment.

In their objections to Judge Keys' Report and Recommendation, Defendants do not address Judge Keys' major concerns regarding their conduct during this litigation, namely, (1)

Defendants' unwillingness to provide discovery and fully respond to discovery until the court ordered them to do so, (2) Defendants' conduct in withholding discovery as privileged even though there was no reasonable basis to do so, and (3) Defendants' unilateral decisions in deciding what evidence was helpful or relevant to Plaintiff's case.

Instead, Defendants nitpick Judge Keys' factual findings after Judge Keys conducted a hearing on this matter and reviewed the initial briefing, supplemental briefing, and the parties' exhibits. In short, Defendants' excuses for why they sent out 26 deposition notices and cancelled 11 depositions during November and December 2013 do not ameliorate the fact that they were unwilling to provide discovery throughout this lawsuit and have withheld discovery as privileged without a reasonable basis. Similarly, Defendants' argument regarding documents they failed to produce as ordered at the January 10, 2014 hearing is equally unavailing. These two discovery violations are not the only basis for Judge Keys' sanctions ruling. Indeed, Defendants' sanctionable conduct is much broader, including Defendants' repeated attempts to narrow what discovery they think is relevant in this matter. Counsel for Defendant Perez has been licensed to practice law in Illinois since 1983. At this juncture in his career, he is no doubt aware of the expansive definition of relevancy for purposes of discovery in federal courts. *See* Fed.R.Civ.P. 26(b)(1).

For these reasons, the Court adopts Magistrate Judge Keys' thorough and well-reasoned April 4, 2014 Report and Recommendation in its entirety.

**Dated:** April 28, 2014

**AMY J. ST. EVE**
**United States District Court Judge**